IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD E. COOKS,** | : | CIVIL ACTION NO. 1:21-CV-161 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **E. BRADLEY,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Ronald E. Cooks ("Cooks"), an inmate confined at the United States Penitentiary, Canaan, in Waymart, Pennsylvania. The sole named respondent is Warden E. Bradley. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the court will dismiss the petition.

### I.  Background

Cooks filed the instant habeas petition based on "constitution[al] violation(s)." (Doc. 1 at 2). His entire claim is based on the following statement: "constitution of the state of New Columbia Article 1 Bill of Right Sec. 12—show something (as language) essential esp. to establishing my stay in prison is

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4; see also R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

[]unconstitutional. 18 U.S.C. 1581, 1584 and 1588." (Id. at 6). For relief, Cooks requests the appointment of counsel. (Id. at 8).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is *not* an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Cooks does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he seeks relief based on "constitution[al] violation(s)" and requests the appointment of counsel. (Doc. 1 at 2, 8). The claims asserted in Cooks' § 2241 petition are not cognizable in a habeas corpus action. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (habeas relief is available only when prisoners "seek

2

to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody").  Summary dismissal is appropriate because the habeas petition is frivolous and obviously lacking in merit, and "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court."  See R. GOVERNING § 2254 CASES R. 4.  Because the court is dismissing the habeas petition, the court declines to consider Cooks' request for appointment of counsel.

### III. Conclusion

Based on the foregoing, the court will dismiss the petition for writ of habeas corpus.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     May 5, 2021